**PIERSON FERDINAND LLP**
Jill A. Guldin, Esq. (No. 024142004)
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (856) 896-4096
Facsimile: (856) 494-1566
Email: jill.guldin@pierferd.com

*Counsel for Defendant Innovis Data Solutions, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Atlas Data Privacy Corp., *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Innovis Data Solutions, Inc., *et al.*,<br><br>                    Defendants. | Case No. 3:24-cv-4176<br><br>**NOTICE OF REMOVAL**<br><br>*Removed from:*<br>Superior Court of New Jersey, Morris County<br>Docket No. MRS-L-000285-24 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Innovis Data Solutions, Inc. ("Innovis") hereby removes the above-captioned litigation to the United States District Court for the District of New Jersey.

### STATEMENT OF PARTY ADDRESSES

Pursuant to Local Rule 10.1, Innovis states that the address of Plaintiff Atlas's principal place of business is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302; that the address of Defendant Innovis's principal place of business is 250 E. Broad Street, Columbus, Ohio 43215; and that Plaintiff Atlas's Complaint did not provide the addresses of Plaintiffs Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, William Sullivan,

Jane Doe-1, and Jane Doe-2, or of the fictiously-named "Richard Roe" and "ABC Company" defendants.

**STATEMENT OF GROUNDS FOR REMOVAL**

Pursuant to 28 U.S.C. § 1446(a), Defendant Innovis submits the following "short and plain statement of the grounds for removal":

**I.    THIS COURT HAS REMOVAL JURISDICTION.**

1. This litigation involves a Complaint that Plaintiffs Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, William Sullivan, Jane Doe-1, and Jane Doe-2 (collectively, the "Individual Plaintiffs") and Atlas Data Privacy Corp. ("Plaintiff Atlas"), filed against Defendant Innovis. Exhibit A (Summons and Complaint).

2. Plaintiffs served Innovis with a Summons and Complaint that refer to the Superior Court for Morris County, New Jersey as the venue. *Id*.

3. This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States;." 28 U.S.C. § 1332(a)(1).

4. Because Morris County, New Jersey is within this Court's judicial district, this Court "embrac[es] the place where [this] action is pending" and has removal jurisdiction under 28 U.S.C. § 1441(a).

**A.    This Matter Is between Citizens of Different States.**

5. Defendant Innovis is a Missouri corporation with its principal place of business at 250 E. Broad Street, Columbus, Ohio 43215.

6. Each of the Individual Plaintiffs alleges that he or she was employed as a law enforcement officer in New Jersey. Exhibit A, Complaint, ¶¶15-18, 22-24.

7. Plaintiff Atlas alleges that it is "a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302." *Id.* ¶ 25.

8. Plaintiff Atlas also alleges that it "asserts claims against Defendants as the assignee of the claims of approximately 19,599 individuals who are all 'covered persons' under Daniel's Law," N.J.S.A. 56:8-166.1. *Id.* at ¶ 26.

9. A 'covered person' under Daniel's Law is a current or former judicial officer, law enforcement officer, child protective investigator, or prosecutor, or "any immediate family member residing in the same household as" such a person. N.J. Stat. 56:8-166.1(d); *see also* N.J. Stat. § 47:1A-1.1. As such, each covered person is a New Jersey resident. *See* N.J. Stat. § 52:14-7 (requiring every New Jersey state and municipal employee to "have his or her principal residence in this State"); *see also* Complaint at ¶¶ 15-18, 22-23 (alleging that the Individual Plaintiffs are New Jersey police officers, who are subject to a police officer residency statute, at N.J. Stat. § 40A:14-122.8); *see also* Complaint at ¶ 27 ("The Covered Persons include individuals who reside, work or had previously resided or worked in New Jersey").

10. In short, if this matter is understood to involve claims that Plaintiff Atlas, a Delaware corporation with a principal place of business in New Jersey, and the Individual Plaintiffs who are citizens of New Jersey, are pleading against Defendant Innovis, a Missouri corporation with a principal place of business in Ohio, then it is a matter between citizens of different states.

11. Similarly, if the matter is understood to involve claims that the Individual Plaintiffs and the "approximately 19,599 individuals" who are subject to New Jersey residence laws are pleading against Innovis, it is still a matter between citizens of different states.

12. Because Innovis does not reside in Delaware or New Jersey, it is diverse from the Individual Plaintiffs; from Plaintiff Atlas; and from unidentified the New Jersey public servants whom Plaintiff Atlas purports to represent.

### B. The Matter in Controversy Exceeds the Sum or Value of $75,000.

13. Plaintiffs allege that the Individual Plaintiffs and the 19,599 underlying plaintiffs seek "all available injunctive relief and statutory damages."  Exhibit A at Complaint, ¶ 4.

14. Daniel's Law permits plaintiffs to recover "actual damages [of] not less than … $1,000 for each violation"; "punitive damages"; and "reasonable attorney's fees and other litigation costs" for a violation of Daniel's Law.  *Id*. at ¶ 50, citing N.J.S.A. 56:8-166.1(c); *see also id*. at ¶ 61(B-D) (praying for such damages).

15. If this matter is understood to be between Plaintiff Atlas and Defendant Innovis, it easily meets the $75,000 diversity threshold.  If Plaintiff Atlas is seeking to recover $1,000 in actual damages for each Individual Plaintiff and each of the 19,599 underlying plaintiffs, then it is seeking to recover over $19,599,000, or almost twenty million dollars, plus punitive damages, and attorney's fees and costs.

16. If this matter is understood to be between each of the Individual Plaintiffs, the 19,599 underlying plaintiffs, and Innovis, it still meets the $75,000 diversity threshold, because:

   a. Each of the Individual Plaintiffs and underlying plaintiffs seek to recover actual damages of at least $1,000 for "each violation," so a plaintiff who can prove ten violations can recover, at a minimum $10,000.  To the extent that the Individual Plaintiffs and underlying

plaintiffs can show that their circumstances "necessitated the installation of a surveillance camera system and alarm system, and training for [their] spouse and children," Complaint at ¶ 22, or caused them to incur similar expenses, their actual damages could meet the $75,000 threshold, without consideration of punitive damages or attorney's fees. Similarly, plaintiffs who can prove emotional distress could likewise recover actual damages that meet the $75,000 threshold. *See, e.g., Schmidt v. Smith*, 294 N.J. Super. 569, 575, 684 A.2d 66, 69 (N.J. App. Div. 1996) (affirming $80,000 award for emotional distress caused by sexual harassment).

      b.      Each of the underlying plaintiffs and Individual Plaintiffs seek to recover punitive damages, which under New Jersey law can be "five times the liability of that defendant for compensatory damages or $350,000, **whichever is greater**." N.J. Stat. § 2A:15-5.14(b) (emphasis added). In the Third Circuit, the fact that each Plaintiff is seeking relief under a law that explicitly permits the recovery of punitive damages (N.J.S.A. 56:8-166.1(c)(2)), should be enough, on its own, to prompt this Court to find that the $75,000 jurisdictional threshold has been met. *See Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("[A] request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum").

      c.      The Individual Plaintiffs and 19,599 underlying plaintiffs are also seeking reasonable attorney's fees and costs, which courts in the Third Circuit typically estimate – for purposes of determining an amount in controversy – to be an additional 30% of the award of actual and punitive damages. See *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (followed by *Rodriguez v. Burlington County Corr. Dept.*, No. 1:14-cv-041542015, 2015 WL 790521, 2015 U.S. Dist. LEXIS 22456, at *6 (D.N.J. Feb 25, 2015)).

d. The Individual Plaintiffs and 19,599 underlying plaintiffs are also seeking injunctive relief, which has a value that must be considered in determining the amount in controversy. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *see also In re Corestates Trust Fee Litigation*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief"). Here, the alleged right sought to be protected is the safety of a public servant from harm that could follow from the improper disclosure of his or her home address or unpublished telephone number to an aggrieved and violent individual. *See* N.J. Stat. § 56:8-166.1(a)(2); *see also* Complaint at ¶ 7 (alleging that in the incident that gave rise to Daniel's Law, a gunman "was able to find the home addresses of both of his murder victims through the various people finder resources available on the internet"). A plaintiff may be able to show that this safety right has a value that is above the $75,000 jurisdictional threshold.

## II. THIS NOTICE OF REMOVAL IS TIMELY.

17. A defendant must remove litigation to federal court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

18. Plaintiff Atlas served the Complaint on Innovis by sending it to Innovis's registered agent, who received it on February 27, 2023.

19. Because Innovis is filing this Notice of Removal within 30 days from the date on which it received a copy of Plaintiff's Complaint (*i.e.*, on or before March 28, 2024), the Notice of Removal is timely.

### III. THIS NOTICE OF REMOVAL IS PROPER.

20. In accordance with 28 U.S.C. § 1446(a), Innovis is filing, as Exhibit A, a true and correct copy of "all process, pleadings, and orders served upon" Innovis in this litigation.

21. Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that immediately after the filing of this Notice of Removal in this Court, a Notice of Notice of Removal (attached hereto as Exhibit B) will be filed in the Morris County, New Jersey Superior Court and will be served on Plaintiff Atlas through its counsel of record.

**WHEREFORE,** Defendant Innovis Data Solutions, Inc. gives notice that the above-captioned litigation has been removed from the Morris County, New Jersey Superior Court to the United States District Court for the District of New Jersey.

/s/ Jill A. Guldin
PIERSON FERDINAND LLP
Jill A. Guldin, Esq. (No. 024142004)
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (856) 896-4096
Facsimile: (856) 494-1566
Email: jill.guldin@pierferd.com

*Counsel for Defendant Innovis Data Solutions, Inc.*

### CERTIFICATE OF SERVICE

I certify that on March 25, 2024, I filed the foregoing Notice of Removal with the Court's Electronic Case Filing (ECF) system, which will send a Notice of Electronic Filing (NEF) to, and thereby effect service upon, all parties through their counsel of record.

/s/ Jill A. Guldin
Jill A. Guldin, Esq.
Pierson Ferdinand LLP