IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Atlas Data Privacy Corp., *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Innovis Data Solutions, Inc., *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 1:24-cv-04176-HB |

**PLAINTIFFS' RESPONSE TO DEFENDANT INNOVIS'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiffs respectfully submit this to address Defendants' supplemental authority, *Jackson v. Whitepages, Inc.*, No. 1:24-cv-80 (N.D. W. Va.). *Jackson* is a non-precedential district court opinion, but if anything, its central holding supports this Court's decision as to the constitutionality of New Jersey's Daniel's Law. *Jackson* held that West Virginia's Daniel's Law is "not the least restrictive means of achieving its compelling interest" precisely due to its lack of the "notice requirement" featured in "New Jersey's Daniel's Law." *Id.* at 39. And although *Jackson* applied strict scrutiny instead of the *Daily Mail* test, *Jackson* plainly erred in suggesting the *Daily Mail* test applies only to "newspapers," "criminal proceedings," and "juvenile offenders or rape victims." *Id.* at 17. That test applies wherever there is a "conflict" between "speech" and "privacy," both of which are "interests of the highest order." *Bartnicki v. Vopper*, 532 U.S. 514 (2001); *see also Ostergren v. Cuccinelli*, 615 F.3d 263 (4th Cir. 2010). And the Supreme Court has "rejected

the proposition that the institutional press has any constitutional privilege beyond…other speakers." *Citizens United v. FEC*, 558 U.S. 310, 352 (2010).[1]

*Jackson* also asserted that the "lack of a knowledge requirement…**compounds** the lack of a notice requirement." *Id.* at 41. But there is no threat to speech to "compound" here, because New Jersey's Law has a notice requirement and every complaint asserts willful violations of the statute. And in any event, Supreme Court precedent has never mandated actual knowledge—or any standard beyond ordinary negligence—to impose damages for disclosure torts. *See Florida Star v. B.J.F.*, 491 U.S. 524, 539 (1989) (condemning only a "*per se* standard" as applied to speech of public concern); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 762 (1985) (authorizing "presumed and punitive damages—even absent a showing of 'actual malice'" when "speech involve[s] no matters of public concern").

Respectfully submitted,

| **BOIES SCHILLER FLEXNER LLP** | **PEM LAW LLP** |
|---|---|
| Adam Shaw (admitted *pro hac vice*)<br>30 South Pearl Street, 12th Floor<br>Albany, New York 12207<br>Telephone: (518) 434-0600<br>Email: ashaw@bsfllp.com<br><br>Eric M. Palmer (admitted *pro hac vice*)<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 356-0011<br>Email: epalmer@bsfllp.com<br><br>Mark C. Mao (admitted *pro hac vice*)<br>Julia Bront (admitted *pro hac vice*) | By: /s/ *Rajiv D. Parikh*<br> Rajiv D. Parikh<br><br>Rajiv D. Parikh<br>Kathleen Barnett Einhorn<br>Jessica A. Merejo<br>1 Boland Dr., Suite 101<br>West Orange, New Jersey 07052<br>Telephone: (973) 557-5700<br>Email: rparikh@pemlawfirm.com<br>        keinhorn@pemlawfirm.com<br>        jmerejo@pemlawfirm.com |

---

[1] *Jackson* erred in suggesting strict scrutiny applies to statutes that present zero risk of viewpoint discrimination, *see VoteAmerica v. Schwab*, 121 F.4th 822, 849-50 (10th Cir. 2024), and *Jackson*'s "content based" holding does not apply here because the notice provision ensures Daniel's Law does not "target" any substantive message.

<div style="display: flex;">

<div>
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com
</div>

<div>
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
Ryan J. McGee (admitted *pro hac vice*)
John A. Yanchunis (admitted *pro hac vice*)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Email: rmcgee@forthepeople.com
          jyanchunis@forthepeople.com

*Attorneys for Plaintiffs*
</div>

</div>

Dated: August 22, 2025

3